# EXHIBIT A

**IN THE COURT OF COMMON PLEAS OF DELAWARE COUNTY, PENNSYLVANIA**
**CIVIL ACTION – LAW**
**ARBITRATION NOTICE**

J. Moses McMenamin,
Plaintiff
v.

Resurgent Capital Services, LP,
Defendant.

No. CV-2022-003296

This is to notify you that an Arbitration is scheduled for:

**02-06-2023**

**9:30 AM**

# ATTENTION

Please report to the Arbitration Assembly Room, Delaware County Courthouse, Media, Pennsylvania. No further notice of the trial date will be given.

This matter will be heard by a Board of Arbitrators at the time, date, and place specified above but if one or more of the parties is not present at the hearing, the matter may be heard at the same time and date before a Judge of the Court without the absent party or parties. There is no right to a trial de novo or appeal from a decision entered by a Judge.

All pretrial motions with the exception of continuance applications must be filed thirty (30) days prior to the hearing date under Delaware County Local Rule 1303 (f).

---

## Notice of Language Rights

Language Access Coordinator
Delaware County Courthouse, 201 West Front Street, Media, PA, 19063

LanguageAccessCoordinator@co.delaware.pa.us

**English:** You have the right to an interpreter at no cost to you. To request an interpreter, please inform court staff using the contact information provided at the top of this notice.

**Spanish/Español:** Usted tiene derecho a un intérprete libre de costo. Para solicitar un intérprete favor de informárselo al personal judicial utilizando la información provista en la parte superior de este aviso.

**Mandarin/Cantonese Traditional Chinese/普通話/廣東話繁體中文:** 您有權要求免費傳譯服務。如欲要求傳譯服務，請參閱本通知頂部的聯絡資料，通知法庭職員。

**Vietnamese/Tiếng Việt:** Quý vị có quyền được một thông dịch viên giúp mà không tốn chi phí nào cả, xin hãy báo cho nhân viên tòa án dùng thông tin liên lạc có ở trên đầu thông báo này.

**Arabic/العربية :** يحق لك الحصول على مترجم دون دفع أي تكلفة من جانبك. لطلب مترجم، يُرجى إعلام موظفي المحكمة باستخدام معلومات الاتصال المقدمة في الجزء العلوي من هذا الإشعار.

FILED
05-11-2022 11:07 AM
OFFICE OF JUDICIAL SUPPORT
DELAWARE COUNTY, PA

# Supreme Court of Pennsylvania

## Court of Common Pleas
## Civil Cover Sheet
DELAWARE County

| For Prothonotary Use Only: | TIME STAMP |
|---|---|
| Docket No: | |

*The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.*

**SECTION A**

**Commencement of Action:**
[X] Complaint [ ] Writ of Summons [ ] Petition
[ ] Transfer from Another Jurisdiction [ ] Declaration of Taking

Lead Plaintiff's Name: J. Moses McMenamin

Lead Defendant's Name: Resurgent Capital Services, LP

**Are money damages requested?** [X] Yes [ ] No

Dollar Amount Requested: (check one) [ ] within arbitration limits [X] outside arbitration limits

**Is this a *Class Action Suit*?** [ ] Yes [X] No

**Is this an *MDJ Appeal*?** [ ] Yes [X] No

Name of Plaintiff/Appellant's Attorney: Jack Larkin, Esquire

[ ] **Check here if you have no attorney (are a Self-Represented [Pro Se] Litigant)**

**SECTION B**

**Nature of the Case:** Place an "X" to the left of the **ONE** case category that most accurately describes your ***PRIMARY CASE.*** If you are making more than one type of claim, check the one that you consider most important.

**TORT** *(do not include Mass Tort)*
- [ ] Intentional
- [ ] Malicious Prosecution
- [ ] Motor Vehicle
- [ ] Nuisance
- [ ] Premises Liability
- [ ] Product Liability *(does not include mass tort)*
- [ ] Slander/Libel/ Defamation
- [ ] Other:

**MASS TORT**
- [ ] Asbestos
- [ ] Tobacco
- [ ] Toxic Tort - DES
- [ ] Toxic Tort - Implant
- [ ] Toxic Waste
- [ ] Other:

**PROFESSIONAL LIABLITY**
- [ ] Dental
- [ ] Legal
- [ ] Medical
- [ ] Other Professional:

**CONTRACT** *(do not include Judgments)*
- [ ] Buyer Plaintiff
- [ ] Debt Collection: Credit Card
- [ ] Debt Collection: Other
- [ ] Employment Dispute: Discrimination
- [ ] Employment Dispute: Other
- [ ] Other:

**REAL PROPERTY**
- [ ] Ejectment
- [ ] Eminent Domain/Condemnation
- [ ] Ground Rent
- [ ] Landlord/Tenant Dispute
- [ ] Mortgage Foreclosure: Residential
- [ ] Mortgage Foreclosure: Commercial
- [ ] Partition
- [ ] Quiet Title
- [ ] Other:

**CIVIL APPEALS**
Administrative Agencies
- [ ] Board of Assessment
- [ ] Board of Elections
- [ ] Dept. of Transportation
- [ ] Statutory Appeal: Other
- [ ] Zoning Board
- [ ] Other:

**MISCELLANEOUS**
- [ ] Common Law/Statutory Arbitration
- [ ] Declaratory Judgment
- [ ] Mandamus
- [ ] Non-Domestic Relations Restraining Order
- [ ] Quo Warranto
- [ ] Replevin
- [X] Other:

*Updated 1/1/2011*

# NOTICE

**Pennsylvania Rule of Civil Procedure 205.5. (Cover Sheet) provides, in part:**

**Rule 205.5. Cover Sheet**

(a)(1) This rule shall apply to all actions governed by the rules of civil procedure except the following:

(i) actions pursuant to the Protection from Abuse Act, Rules 1901 et seq.

(ii) actions for support, Rules 1910.1 et seq.

(iii) actions for custody, partial custody and visitation of minor children, Rules 1915.1 et seq.

(iv) actions for divorce or annulment of marriage, Rules 1920.1 et seq.

(v) actions in domestic relations generally, including paternity actions, Rules 1930.1 et seq.

(vi) voluntary mediation in custody actions, Rules 1940.1 et seq.

(2) At the commencement of any action, the party initiating the action shall complete the cover sheet set forth in subdivision (e) and file it with the prothonotary.

(b) The prothonotary shall not accept a filing commencing an action without a completed cover sheet.

(c) The prothonotary shall assist a party appearing pro se in the completion of the form.

(d) A judicial district which has implemented an electronic filing system pursuant to Rule 205.4 and has promulgated those procedures pursuant to Rule 239.9 shall be exempt from the provisions of this rule.

(e) The Court Administrator of Pennsylvania, in conjunction with the Civil Procedural Rules Committee, shall design and publish the cover sheet. The latest version of the form shall be published on the website of the Administrative Office of Pennsylvania Courts at www.pacourts.us.

**IN THE COURT OF COMMON PLEAS OF DELAWARE COUNTY PENNSYLVANIA**
**CIVIL ACTION-LAW**

J. Moses McMenamin

NO.__________________________

vs.

Resurgent Capital Services, LP

**NOTICE TO DEFEND**

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by an attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGBLE PERSONS AT A REDUCED FEE OR NO FEE.

**LAWYERS RFERENCE SERVICE**
**FRONT AND LEMON STREETS**
**MEDIA, PA 19063**
**610-566-6625**

**Gawthrop Greenwood, PC**
By: John E. D. Larkin
Pa. Supreme Court No: 307270
17 East Gay Street
West Chester, PA 19381
ph: 610.696.8225
fax: 610.696.7111

*Attorneys for Plaintiff*

**ARBITRATION**

| J. MOSES McMENAMIN<br>319 West Rively Ave.<br>Aldan, PA 19018<br>*Plaintiff,*<br>v.<br><br>RESURGENT CAPITAL SERVICES, L.P.<br>55 Beattie Place<br>Suite 110 MS 576<br>Greenville, SC 29601<br>*Defendant.* | IN THE COURT OF COMMON PLEAS<br>OF DELAWARE COUNTY, PA<br><br>Civil Arbitration<br><br>Case No: __________ |
|---|---|

**COMPLAINT**

J. Moses McMenamin, through his attorney, Gawthrop Greenwood, PC, hereby Complains of Defendant Resurgent Capital Services, L.P. and, in support thereof, avers as follows:

*INTRODUCTION*

1. This is a statutory consumer rights action filed after Defendant Resurgent Capital Services, L.P. ("Resurgent") failed to remove a fictional debt from Mr. McMenamin's credit report.

2. The debt at issue was litigated in this Court and dismissed. The time for appeal passed, and the judgment in Mr. McMenamin's favor is now final.

3. In spite of that judgment, Resurgent continues, to this day, to refuse to remove the non-existent debt from Mr. McMenamin's credit score.

4. As a result of Resurgent's false report to credit reporting agencies, coupled with its refusal to properly investigate and correct its false report when disputed, McMenamin received a significantly worse mortgage interest rate, costing him approximately $45,013.96 in additional mortgage interest over time.

*PARTIES*

5. Plaintiff is J. Moses McMenamin, an adult individual residing at the above-captioned address.

6. Defendant is Resurgent Capital Services, L.P. ("Resurgent") a Delaware Limited Partnership registered in Pennsylvania, and with a principal place of business at the above-captioned address.

*JURISDICTION & VENUE*

7. The Courts of Common Pleas have *in personam* jurisdiction over the defendant pursuant to 42 Pa.C.S. § 5301(a)(2) because Resurgent carries on a continuous and systematic part of its general business in Pennsylvania.

8. The Courts of Common Pleas have subject matter jurisdiction over the Fair Debt Collection Practices Act claim raised in this matter pursuant to 15 U.S.C. § 1692k(d), which confers jurisdiction on "any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction," has subject matter jurisdiction over the Fair Credit Reporting Act Claim pursuant to 15 U.S.C.A. § 1681p, which confers jurisdiction on "any appropriate United States district

court, without regard to the amount in controversy, or in any other court of competent jurisdiction," and has subject matter jurisdiction over the state court claims raised in this matter pursuant to 42 Pa.C.S. § 931, which vests this Court with "unlimited original jurisdiction of all actions and proceedings," not otherwise provided for by law.

9. The Court of Common Pleas of Delaware County is the proper venue for the instant matter pursuant to Pa.R.Civ.P. 2179 because Delaware County is a county where Resurgent regularly conducts business, the county where the cause of action arose, and the county where the transaction or occurrence took place out of which the cause of action arose.

***LVNV Funding, LLC loses a $5,234.07 lawsuit against McMenamin.***

10. On or about February 26, 2021, LVNV Funding, LLC filed a small claims Complaint against Mr. McMenamin, purporting to collect a debt of $5,234.07 (the "LVNV Debt.") (Attached at Exhibit "A").

11. On the day of the magisterial district court trial, Mr. McMenamin entered into an agreement with LVNV Funding, LLC that he would pay half the LVNV Debt.

12. This amount represented a nuisance value settlement, and would have saved Mr. McMenamin the costs of a potentially lengthy defense.

13. As security for the payment, the parties consented to the entry of a judgment for the *full* amount of the LVNV Debt, and LVNV promised to provide an appropriate settlement agreement for Mr. McMenamin to review and sign. (Exhibit "A").

14. No settlement agreement was ever produced by LVNV, however.

15. As a result, Mr. McMenamin timely appealed the judgment. (Exhibit "B").

16. On January 28, 2022, a Delaware County arbitration panel found in favor of Mr. McMenamin, and LVNV's claim against him was dismissed. (Exhibit "C").

17. LVNV did not appeal from the defense verdict and, as a result, the arbitration panel's judgment became final thirty days thereafter.

*McMenamin purchases a home.*

18. Shortly after LVNV's loss, Mr. McMenamin began the process of purchasing a home in Aldan, Delaware County, Pennsylvania, where he planned to move with his family from Drexel Hill.

19. Mr. McMenamin was originally quoted mortgage interest rates in the range of 3.2%.

20. As his mortgage broker moved forward with the transaction, however, Mr. McMenamin was informed that he would not receive this favorable rate because his credit reports indicated he continued to owe the LVNV Debt, which was negatively impacting his credit-worthiness.

21. Mr. McMenamin contested the claim that he owed the LVNV Debt through the Credit Reporting Agencies.

22. On or about March 25, 2022, Mr. McMenamin requested a 'rescore' in which he set forth the details of the LVNV Debt and its dismissal, concluding by demanding that the Credit Reporting Agencies "withdraw any notations evidencing a debt owed by you to LVNV; failure to do so may result in a claim under state and federal law related to that failure." (Exhibit "D").

23. Mr. McMenamin did not receive a timely response and, as a result, was forced to close on his new home (or lose the opportunity to do so) at a mortgage interest rate of 4.5%.

24. On or about May 6, 2022, McMenamin received, through counsel, correspondence from Defendant Resurgent dated April 26, 2022, acknowledging for the first time its receipt of McMenamin's dispute, which it characterized as an "inquiry." (Exhibit "E").

25. On the same day, McMenamin received correspondence from Defendant Resurgent purporting to confirm the and continued validity of the LVNV Debt by enclosing a copy of the magisterial district court judgment.

26. LVNV knew or should have known that the magisterial district court judgment was void by virtue of the appeal and dismissal because:

a. It is alleged on information and belief that LVNV received Mr. McMenamin's correspondence setting forth the true facts of the matter; and

b. In any event, the docket in both the magisterial district court and this Court are matters of public record.

27. Mr. McMenamin's mortgage is for $168,474.

c. At 4.5%, McMenamin will pay $138,833.88 in interest over the lifetime of the loan.

d. At 3.2%, McMenamin would have paid just $93,819.92 in interest over the lifetime of the loan.

e. Thus, as a result of Resurgent's willful or negligent error, McMenamin has incurred a cost of $45,013.96.

*COUNT I: VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT*

28.     The foregoing paragraphs are incorporated by reference as if fully set forth herein.

29.     Resurgent is a debt collector as that term is defined by the Fair Debt Collection Practices Act, ("FDCPA") 15 U.S.C. 1692, *et seq.*

30.     Resurgent engaged in unfair and unconscionable means of collecting or attempting to collect a debt by:

   a.   Attempting to collect amounts not permitted by law in violation of 15 U.S.C. § 1692f(1);

   b.   Falsely representing the character, amount, and legal status of the LVNV Debt in violation of 15 U.S.C. § 1692e(2)(A);

   c.   Communicating to the Credit Reporting Agencies credit information that it knew or should have known to be false in violation of 15 U.S.C. § 1692e(8);

   d.   The use of false and deceptive means to collect or attempt to collect a debt or to obtain information concerning a consumer in violation of 15 U.S.C. § 1692e(10);

   e.   Failing to verify the debt by reference to a final judgment in violation of 15 U.S.C. § 1692g(b); and

   f.   Generally by representing that Mr. McMenamin owed a debt that had in fact been dismissed by the Court and was not subject to recovery by operation of law.

31.     Mr. McMenamin has suffered actual damages in connection with Resurgent's violations of the FDCPA, including attorneys' fees related to disputing the LVNV Debt with the Credit Reporting Agencies and $45,013.96 in mortgage interest.

32. As a result of these violations, Mr. McMenamin is entitled to a mandatory award of costs and fees, his actual damages, and additional damages not to exceed $1,000 per violation.

*WHEREFORE*, based on the foregoing, Plaintiff J. Moses McMenamin respectfully requests JUDGMENT in his favor and against defendant Resurgent Capital Services, L.P., in the amount of $45,013.96, together with attorneys' fees, costs, such other relief as this Court deems appropriate.

*COUNT II: VIOLATIONS OF THE UNFAIR TRADE PRACTICES ACT*

33. The foregoing paragraphs are incorporated by reference as if fully set forth herein.

34. Resurgent is a debt collector as that term is used by the Pennsylvania Fair Credit Extension Uniformity Act, ("FCEUA"), 73 P.S. § 2270.1, *et seq.*, because it purports to act on behalf of a creditor, engaging or aiding directly or indirectly in collecting a debt owed or alleged to be owed a creditor or assignee of a creditor.

35. In the alternative, Resurgent is a creditor as that term is used by the FCEUA.

36. The violations of the Fair Debt Collection Practices Act enumerated above also constitute violations of the FCEUA and, as a result, are violations of the Unfair Trade Practices and Consumer Protection Law, ("UTPCPA"), 73 P.S. § 201-1, *et seq.*

37. Pursuant to the UTPCPA, Mr. McMenamin is entitled to statutory damages of not less than $100 per incident.

38. Pursuant to the UTPCPA, Mr. McMenamin is entitled to his actual damages, including the fees and costs incurred in disputing the debt.

39. Pursuant to the UTPCPA, Mr. McMenamin is entitled receive treble damages.

40. Pursuant to the UTPCPA, Mr. McMenamin is entitled to receive his costs and attorneys' fees in this action.

*WHEREFORE,* based on the foregoing, Plaintiff J. Moses McMenamin respectfully requests JUDGMENT in his favor and against defendant Resurgent Capital Services, L.P., in the amount of $45,013.96, together with attorneys' fees, costs, such other relief as this Court deems appropriate.

*COUNT III: VIOLATIONS OF THE FAIR CREDIT REPORTING ACT*

41. The foregoing paragraphs are incorporated by reference as if fully set forth herein.

42. Resurgent is a "furnisher of information" as that term is used by the Fair Credit Reporting Act ("FCRA") 15 U.S.C. § 1681, *et seq.*

43. Mr. McMenamin is a "consumer" as that term is used by the FCRA.

44. Resurgent failed in satisfying the statutorily mandated responsibilities of furnishers of information to consumer reporting agencies by under the FCRA by:

a. Furnishing information relating to a consumer to a consumer reporting agency knowing or having reasonable cause to believe that the information is inaccurate in violation of 15 U.S.C. § 1681s-2(a)(1)(A);

b. Furnishing information relating to a consumer to any consumer reporting agency after having been notified by Mr. McMenamin that the information was inaccurate, and while the information was indeed inaccurate in violation of 15 U.S.C. § 1681s-2(a)(1)(B);

    c. Failing to appropriately determine that the information it furnished to a credit reporting agency was inaccurate, and then promptly notifying the credit reporting agency in violation of 15 U.S.C. § 1681s-2(a)(2);

d. Failing to adequately conduct an investigation into the dispute submitted by Mr. McMenamin in violation of 15 U.S.C. § 1681s-2(b)(1).

45. Resurgent's violations are willful as that term is used by 15 U.S.C. § 1681n inasmuch as it was placed on notice of the fact that report was false, the information supporting that notice is public record, and it intentionally failed to conduct a meaningful investigation.

46. Mr. McMenamin is therefore entitled to recover his actual damages or a statutory award between $100-and-$1,000.

47. Mr. McMenamin is entitled to such amount of punitive damages as the court may allow.

48. Mr. McMenamin is entitled to recover his attorneys' fees and costs.

49. To whatever extent Resurgent's violations are not found to be willful, they were negligent as that term is used by 15 U.S.C. § 1681o.

*WHEREFORE,* based on the foregoing, Plaintiff J. Moses McMenamin respectfully requests JUDGMENT in his favor and against defendant Resurgent Capital Services, L.P., in the amount of $45,013.96, together with attorneys' fees, costs, such other relief as this Court deems appropriate.

*JURY DEMAND*

50. Pursuant to Pa.R.Civ.P. 1007.1(a), Plaintiff demands trial by jury in the event of trial outside compulsory arbitration on all counts so triable.

51. Pursuant to Pa.R.Civ.P. 1007.1(b), Plaintiff demands trial by jury in the event of an appeal from compulsory arbitration on all counts so triable.

***WHEREFORE,*** based on the foregoing, Plaintiff Moses J. McMenamin respectfully requests JUDGMENT in his favor and against defendant Resurgent Capital Services, L.P., in the amount of $45,013.96, together with attorneys' fees, costs, such other relief as this Court deems appropriate.

Respectfully submitted:

Date: *May 9, 2022*

By: ______________________
John E. D. Larkin
*Attorney for Plaintiff*

**Gawthrop Greenwood, PC**
By: John E. D. Larkin
Pa. Supreme Court No: 307270
17 East Gay Street
West Chester, PA 19381
ph: 610.696.8225
fax: 610.696.7111

*Attorneys for Plaintiff*

**ARBITRATION**

| | |
|---|---|
| MOSES J. McMENAMIN<br>319 West Rively Ave.<br>Aldan, PA 19018<br>*Plaintiff,*<br>v.<br><br>RESURGENT CAPITAL SERVICES, L.P.<br>55 Beattie Place<br>Suite 110 MS 576<br>Greenville, SC 29601<br>*Defendant.* | IN THE COURT OF COMMON PLEAS<br>OF DELAWARE COUNTY, PA<br><br>Civil Arbitration<br><br>Case No: ______________________ |

**VERIFICATION**

I, J. Moses McMenamin, Plaintiff herein, verify that I am familiar with the facts set forth in the foregoing Complaint and that, although the words are chosen by my counsel, the facts set forth therein are true and correct to the best of my knowledge, information and belief. I understand that false statements herein are made subject to the penalties of 18 Pa.C.S. § 4904, relating to unsworn falsification to authorities.

______________________________
J. Moses McMenamin



COMMONWEALTH OF PENNSYLVANIA
COUNTY OF DELAWARE

# Civil Action Hearing Notice

| | |
|---|---|
| Mag. Dist. No: | MDJ-32-2-51 |
| MDJ Name: | Honorable Christopher R. Mattox |
| Address: | 1550 Garrett Road<br>Barclay Square Shopping Center<br>Upper Darby, PA 19082 |
| Telephone: | 610-626-6900 |

LVNV Funding LLC
v.
Joseph Moses McMenanin

Joseph Moses McMenanin
3811 Brunswick Ave
Drexel Hill, PA 19026

Docket No: MJ-32251-CV-0000030-2021
Case Filed: 2/24/2021

Your Role: Defendant

A civil complaint has been filed against you in the above captioned case.

A Civil Action Hearing has been scheduled to be held on/at:

| | |
|---|---|
| Date: **Monday, April 5, 2021** | Place: Courtroom: MDJ-32-2-51<br>1550 Garrett Road<br>Barclay Square Shopping Center<br>Upper Darby, PA 19082<br>610-626-6900 |
| Time: **1:40 PM** | |

## Notice To Defendant

**If you intend to enter a defense to this complaint, you should so notify this office immediately at the above telephone number.**

**You must appear at the hearing and present your defense. Unless you do, judgment may be entered against you by default.**

If you have a claim against the plaintiff which is within magisterial district judge jurisdiction and which you intend to assert at the hearing, you must file it on a complaint form at this office at least five days before the date set for the hearing.

Pursuant to Pa.R.C.P.M.D.J. No. 342(B)(2), no claim by the defendant will be permitted in a supplementary action filed for failure of judgment creditor to enter satisfaction.

## Notice To Plaintiff

Pursuant to Pa.R.C.P.M.D.J. No. 318, you or your attorney will be notified if the defendant gives notice of his/her intention to defend.

**NOTIFY THIS OFFICE IMMEDIATELY IF YOU INTEND TO APPEAR FOR THE HEARING**

***If you are disabled and require a reasonable accommodation to gain access to the Magisterial District Court and its services, please contact the Magisterial District Court at the above address or telephone number. We are unable to provide transportation.***

FREE INTERPRETER
www.pacourts.us/language-rights
610-565-6990

COMMONWEALTH OF PENNSYLVANIA
COUNTY OF: DELAWARE

# CIVIL COMPLAINT

Mag. Dist. No: 32-2-51

MDJ Name: Hon. CHRISTOPHER R. MATTOX

Address: BARCLAY SQUARE BUILDING
1550 GARRETT ROAD
UPPER DARBY, PA 19082

Telephone: 610-626-6900

PLAINTIFF: NAME and ADDRESS

LVNV FUNDING LLC
C/O PATENAUDE & FELIX, A.P.C.
501 CORPORATE DRIVE, SOUTHPOINTE CENTER, SUITE 205
CANONSBURG, PA 15317

V.

DEFENDANT: NAME and ADDRESS

JOSEPH MOSES MCMENANIN
3811 BRUNSWICK AVE
DREXEL HILL PA 19026–281

| | AMOUNT | DATE PAID |
|---|---|---|
| FILING COST | $ 180.25 | 2/24/21 |
| POSTAGE | $ 6.33 | 2/24/21 |
| SERVICE COSTS | $ | / / |
| CONSTABLE ED. | $ | / / |
| TOTAL | $ | / / |

Docket No.: CV-30-21
Date Filed: 2-24-21

Pa.R.C.P.D.J. No. 206 sets forth those costs recoverable by the prevailing party.

To The Defendant: The above named plaintiff(s) asks judgment against you for $5,234.07 together with costs upon the following claim (Civil fines must include citation of the statute or ordinance violated):

Plaintiff, LVNV FUNDING LLC is the Assignee and Successor in Interest of account number XXXXXXXXXXXX7158; and, said credit account was issued to Defendant(s) by WebBank, the Original Creditor. Defendant received, accepted and used the account to its benefit. This account is in default due to defendant's failure to make timely payments. Although demand has been made, Defendant has failed to make payment of the amount due and owing. The amount due and owing as of this date is $5,234.07.

I, GREGG L. MORRIS or ERNEST SHARIF verify that the facts set forth in this complaint are true and correct to the best of my knowledge, information, and belief. This statement is made subject to the penalties of Section 4904 of the Crimes Code (18 PA. C.S. § 4904) related to unsworn falsification to authorities.

I, certify that this filing complies with the provisions of the Case Records Public Access Policy of the Unified Judicial System of Pennsylvania that require filing confidential information and documents differently than non-confidential information and documents.

(Signature of Plaintiff or Authorized Agent)

The plaintiff's attorney shall file an entry of appearance with the magisterial district court pursuant to Pa.R.C.P.M.D.J. 207.1

**If you intend to enter a defense to this complaint, you should notify this office immediately at the above telephone number. You must appear at the hearing and present your defense. Unless you do, judgment may be entered against you by default.**

If you have a claim against the plaintiff which is within magisterial district judge jurisdiction and which you intend to assert at the hearing, you must file it on a complaint form at this office at least five days before the date set for the hearing.

**If you are disabled and require a reasonable accommodation to gain access to the Magisterial District Court and its services, please contact the Magisterial District Court at the above address or telephone number. We are unable to provide transportation**

FREE INTERPRETER www.pacourts.us/language-rights

570-389-5679

PA_16R DJ Resurgent Complaint P&F File No. 20-64243

# B

COMMONWEALTH OF PENNSYLVANIA

COURT OF COMMON PLEAS

Judicial District, County of Delaware

NOTICE OF APPEAL

FROM

MAGISTERIAL DISTRICT JUDGE JUDGMENT

COMMON PLEAS No. CV-2021-004103

## NOTICE OF APPEAL

Notice is given that the appellant has filed in the above Court of Common Pleas an appeal from the judgment rendered by the Magisterial District Judge on the date and in the case referenced below.

| NAME OF APPELLANT | MAG. DIST. NO. | NAME OF MDJ | |
|---|---|---|---|
| Joseph Moses McMenanin | 32251 | Christopher Mattox | |
| ADDRESS OF APPELLANT | CITY | STATE | ZIP CODE |
| 3811 Brunswick Avenue | Drexel Hill | PA | 19026 |

| DATE OF JUDGMENT | IN THE CASE OF (Plaintiff) | | (Defendant) |
|---|---|---|---|
| 04/05/2021 | LVNV Funding LLC | vs | Joseph Moses McMenanin |

DOCKET No.: MJ-32251-CV-0000030-2021

SIGNATURE OF APPELLANT OR ATTORNEY OR AGENT: [signature]

This block will be signed ONLY when this notation is required under Pa. R.C.P.M.D.J. No. 1008.
This Notice of Appeal, when received by the Magisterial District Judge, will operate as a SUPERSEDEAS to the judgment for possession in this case.

*Signature of Prothonotary or Deputy*

*If appellant was Claimant (see Pa. R.C.P.M.D.J. No. 1001(6) in action before a Magisterial District Judge, A COMPLAINT MUST BE FILED within twenty (20) days after filing the NOTICE of APPEAL.*

## PRAECIPE TO ENTER RULE TO FILE COMPLAINT AND RULE TO FILE

*(This section of form to be used ONLY when appellant was DEFENDANT (see Pa.R.C.P.M.D.J. No. 1001(7) in action before Magisterial District Judge. IF NOT USED, detach from copy of notice of appeal to be served upon appellee.*

**PRAECIPE:** To Prothonotary

Enter rule upon LVNV Funding, LLC (*Name of appellee(s)*) appellee(s), to file a complaint in this appeal

(Common Pleas No. CV-2021-004103 ) within twenty (20) days after service of rule or suffer entry of judgment of non pros.

[signature]
*Signature of appellant or attorney or agent*

**RULE:** To LVNV Funding, LLC (*Name of appellee(s)*), appellee(s)

(1) You are notified that a rule is hereby entered upon you to file a complaint in this appeal within twenty (20) days after the date of service of this rule upon you by personal service or by certified or registered mail.

(2) If you do not file a complaint within this time, a JUDGMENT OF NON PROS MAY BE ENTERED AGAINST YOU.

(3) The date of service of this rule if service was by mail is the date of the mailing.

Date: May 3rd, 20 21

Jennifer Stecker
*Signature of Prothonotary or Deputy*

**YOU MUST INCLUDE A COPY OF THE NOTICE OF JUDGMENT/TRANSCRIPT FORM WITH THIS NOTICE OF APPEAL.**
The appellee and the magisterial district judge in whose office the judgment was rendered must be served with a copy of this Notice pursuant to Pa.R.C.P.M.D.J. 1005(A).

FILED
05-03-2021 12:05 PM
OFFICE OF JUDICIAL SUPPORT
DELAWARE COUNTY, PA

**IN THE COURT OF COMMON PLEAS OF DELAWARE COUNTY, PENNSYLVANIA**
**CIVIL ACTION – LAW**
**ARBITRATION NOTICE**

LVNV Funding LLC,
Plaintiff
v.

Joseph Moses McMenanin,
Defendant.

No. CV-2021-004103

This is to notify you that an Arbitration is scheduled for:

**01-28-2022**

**9:30 AM**

## ATTENTION

Please report to the Arbitration Assembly Room, Delaware County Courthouse, Media, Pennsylvania. No further notice of the trial date will be given.

This matter will be heard by a Board of Arbitrators at the time, date, and place specified above but if one or more of the parties is not present at the hearing, the matter may be heard at the same time and date before a Judge of the Court without the absent party or parties. There is no right to a trial de novo or appeal from a decision entered by a Judge.

All pretrial motions with the exception of continuance applications must be filed thirty (30) days prior to the hearing date under Delaware County Local Rule 1303 (f).

---

## Notice of Language Rights

Language Access Coordinator
Delaware County Courthouse, 201 West Front Street, Media, PA, 19063
610-891-4633
LanguageAccessCoordinator@co.delaware.pa.us

**English:** You have the right to an interpreter at no cost to you. To request an interpreter, please inform court staff using the contact information provided at the top of this notice.

**Spanish/Español:** Usted tiene derecho a un intérprete libre de costo. Para solicitar un intérprete favor de informárselo al personal judicial utilizando la información provista en la parte superior de este aviso.

**Vietnamese/Tiếng Việt:** Quý vị có quyền được một thông dịch viên giúp mà không tốn chi phí nào cả, xin hãy báo cho nhân viên tòa án dùng thông tin liên lạc có ở trên đầu thông báo này.

**French/Français :** Vous avez le droit de bénéficier gratuitement de l'assistance d'un interprète. Pour en faire la demande, veuillez en informer le personnel du tribunal à l'aide des coordonnées indiquées en haut de page.

**Punjabi/ ਪੰਜਾਬੀ /India:** ਤੁਹਾਨੂੰ ਇਕ ਦੁਭਾਸ਼ੀਆ ਹਾਸਲ ਕਰਨ ਦਾ ਹੱਕ ਹੈ, ਜਸਿ ਦੀ ਤੁਹਾਨੂੰ ਕੋਈ ਲਾਗਤ ਨਹੀ ਲੱਗੇਗੀ। ਦੁਭਾਸ਼ੀਏ ਲਈ ਬੇਨਤੀ ਕਰਨ ਵਾਸਤੇ, ਕਰਿਪਾ ਕਰ ਕੇ ਅਦਾਲਤ ਦੇ ਅਮਲੇ ਨੂੰ ਜਾਣੂ ਕਰਵਾਓ ਤੇ ਇਸ ਲਈ ਇਸ ਨੋਟਸਿ ਦੇ ਸਖਿਰ ਉਤੇ ਦਿੱਤੀ ਸੰਪਰਕ ਜਾਣਕਾਰੀ ਦਾ ਇਸਤੇਮਾਲ ਕਰੋ।

**IN THE COURT OF COMMON PLEAS OF DELAWARE COUNTY, PENNSYLVANIA**
**CIVIL ACTION – LAW**
**ARBITRATION NOTICE**

**Bengali / □□□□□:** আপনার বিনামূল্যে একজন দোভাষী পাবার অধিকার আছে। একজন দোভাষী পাবার জন্য এই বিজ্ঞপ্তির ওপরে দেওয়া যোগাযোগ বিবরণী ব্যবহার করে আদালতের কর্মচারীদের সঙ্গে যোগাযোগ করুন।



# COURT OF COMMON PLEAS
# DELAWARE COUNTY, PENNSYLVANIA

| CASE CAPTION: LVNV Funding | DOCKET NO: 21-4103 |
| --- | --- |
| | TAX FOLIO NO: |
| Joseph McMenamin | ARBITRATION (*Please indicate type of act*)<br>( ) Motor Vehicle<br>( ) Contract<br>( ) Assessment of Damages<br>( ) Other ______<br>( ) Delay Damages (Prime Rate + 1%) |

## REPORT AND AWARD OF ARBITRATORS

NOW, this 28th day of JAN 20 22, we the undersigned Arbitrators having been duly appointed and sworn, make the following Award:

We find for Defendant.

*Please name the parties if there are more than one Plaintiff and/or Defendant, address all counterclaims and cross-claims, and complete percentage of negligence, if applicable.*

| JAMES F. PROUD | Judge Hall | Joseph P. Sledzarz III |
| --- | --- | --- |
| **Chairperson** *(Please print)* | **Arbitrator** *(Please print)* | **Arbitrator** *(Please print)* |
| [signature] | [signature] | [signature] |
| **Chairperson Signature** | **Arbitrator Signature** | **Arbitrator Signature** |

**COUNSEL FOR PARTIES**

| Attorney | ID# | Attorney | ID# |
| --- | --- | --- | --- |
| Dean Babler | 204181 | | |
| John Larkin | 307270 | | |
| | | | |

FILED
02-08-2022 03:53 PM
OFFICE OF JUDICIAL SUPPORT
DELAWARE COUNTY, PA



PO Box 510090
Livonia MI 48151-6090

Account Number: ***********7158
Original Creditor: WebBank
Current Owner: LVNV Funding LLC
Reference ID: 680903274
Balance: $5,281.37
Accountholder Name: Joseph Moses McMenanin

PFXVT800X00707

JOHN LARKIN
17 E GAY ST STE 100
WEST CHESTER, PA 19380-3144

April 26, 2022

Dear JOHN LARKIN,

Resurgent Capital Services L.P. manages the above referenced account for LVNV Funding LLC and has initiated a review of the inquiry recently received either directly or from Patenaude & Felix, A.P.C., the current servicer of this account.

For further assistance, please contact one of our Customer Service Representatives toll-free at 1-866-464-1187.

Sincerely,

Customer Service Department
Resurgent Capital Services L.P.

Enclosure

**Please read the following important notices, including the enclosed validation notice, as they may affect your rights.**

This is an attempt to collect a debt and any information obtained will be used for that purpose. This communication is from a debt collector.

As of today, the amount you owe is $5,281.37. If this account is currently accruing interest, the amount owed in the future may be greater than the amount owed today. To obtain your most up-to-date balance, please contact us at the contact numbers referenced.

*Hours of Operation*
8:00AM-9:00PM EST
Monday - Thursday
8:00AM-7:00PM EST
Friday
9:00AM-5:00PM EST
Saturday - Sunday

*General Disputes/Correspondence*
PO Box 10497
Greenville, SC 29603-0497
*Credit Bureau Disputes*
PO Box 1269
Greenville, SC 29602

*Contact Numbers*
Toll Free Phone
1-866-464-1187
Toll Free Fax
1-866-467-0163

*Customer Portal*
Resurgent.com

Resurgent Capital Services
P.O. Box 1269
Greenville, SC 29603
www.Resurgent.com
(888)665-0374 from 8-9 Monday-Thursday
8-7 Friday and 9-5 Saturday-Sunday

To: JOSEPH MCMENANIN
3811 BRUNSWICK AVE
DREXEL HILL, PA 19026

**Reference: 680903274**

**Resurgent Capital Services is a debt collector.** We are trying to collect a debt that you owe to LVNV Funding LLC. We will use any information you give us to help collect the debt.

## Our Information shows:

You had an account from
WebBank
with account number ending in 7158.

| | |
|---|---|
| As of February 14, 2019, you owed: | $5,234.07 |
| Between February 14, 2019 and today: | |
| You were charged this amount in interest: + | $47.30 |
| You were charged this amount in fees: + | $0.00 |
| You paid or were credited this amount toward the debt: - | $0.00 |
| **Total amount of the debt now:** | $5,281.37 |

## How can you dispute the debt?

- **Call or write to us by May 31, 2022, to dispute all or part of the debt.** If you do not, we will assume that our information is correct.
- **If you write to us by May 31, 2022,** we must stop collection on any amount you dispute until we send you information that shows you owe the debt. You may use the form below or write to us without the form. You may also include supporting documents.

## What else can you do?

- **Write to ask for the name and address of the original creditor, if different from the current creditor.** If you write by May 31, 2022, we must stop collection until we send you that information. You may use the form below or write to us without the form.
- **Go to www.cfpb.gov/debt-collection to learn more about your rights under federal law.** For instance, you have the right to stop or limit how we contact you.
- Contact us about your payment options.
- Póngase en contacto con nosotros para solicitor una copla de este formulario en español.

---

**Mail this form to:**

Resurgent Capital Services
P.O. Box 1269
Greenville, SC 29603

JOSEPH MCMENANIN
3811 BRUNSWICK AVE
DREXEL HILL, PA 19026

## How do you want to respond?

*Check all that apply:*

- ☐ **I want to dispute the debt because I think:**
  - ☐ This is not my debt.
  - ☐ The amount is wrong.
  - ☐ Other (please describe on reverse or attach additional information).
- ☐ **I want you to send me the name and address of the original creditor.**
- ☐ **I enclosed this amount:** $

Make your check payable to *Resurgent Capital Services*. Include the reference number 680903274.

- ☐ **Quiero este formulario en español.**



# E

PO Box 510090
Livonia MI 48151-6090

RESURGENT
Capital Services

Account Number: ************7158
Original Creditor: WebBank
Current Owner: LVNV Funding LLC
Reference ID: 680903274
Balance: $5,281.37
Accountholder Name: Joseph Moses McMenanin

PFXVT800Y00028

JOHN LARKIN
17 E GAY ST STE 100
WEST CHESTER, PA 19380-3144

April 26, 2022

Dear JOHN LARKIN,

We have received your recent inquiry regarding the above-referenced account and have enclosed the documents you requested.

To make a payment, please contact us at the toll free number provided.

For further assistance, please contact one of our Customer Service Representatives toll-free at 1-888-665-0374.

Sincerely,

Customer Service Department
Resurgent Capital Services L.P.

Enclosure

**Please read the following important notices as they may affect your rights.**

This is an attempt to collect a debt and any information obtained will be used for that purpose. This communication is from a debt collector.

As of today, the amount you owe is $5,281.37. If this account is currently accruing interest, the amount owed in the future may be greater than the amount owed today. To obtain your most up-to-date balance, please contact us at the contact numbers referenced.

*Hours of Operation*
8:00AM-9:00PM EST
Monday - Thursday
8:00AM-7:00PM EST
Friday
9:00AM-5:00PM EST
Saturday - Sunday

*General Disputes/Correspondence*
55 Beattie Place
Suite 110 MS 576
Greenville SC 29601
*Credit Bureau Disputes*
PO Box 1269
Greenville SC 29602

*Contact Numbers*
Toll Free Phone
1-888-665-0374
Toll Free Fax
1-866-467-0163

*Customer Portal*
Resurgent.com

COMMONWEALTH OF PENNSYLVANIA
COUNTY OF DELAWARE

# NOTICE OF JUDGMENT/TRANSCRIPT CIVIL CASE

| | |
|---|---|
| Mag. Dist. No: | MDJ-32-2-51 |
| MDJ Name: | Honorable Christopher R. Mattox |
| Address: | 1550 Garrett Road<br>Barclay Square Shopping Center<br>Upper Darby, PA 19082 |
| Telephone: | 610-626-6900 |

LVNV Funding LLC
v.
Joseph Moses McMenanin

20-64243

LVNV Funding LLC
c/o Patenaude & Felix, A.P.C.
501 Corporate Dr, Southpointe Ctr.
Suite 205
Canonsburg, PA 15317

Docket No: MJ-32251-CV-0000030-2021
Case Filed: 2/24/2021

**Disposition Summary** (co - Cross Complaint)

| Docket No | Plaintiff | Defendant | Disposition | Disposition Date |
|---|---|---|---|---|
| MJ-32251-CV-0000030-2021 | LVNV Funding LLC | Joseph Moses McMenanin | Judgment for Plaintiff | 04/05/2021 |

**Judgment Summary**

| Participant | Joint/Several Liability | Individual Liability | Amount |
|---|---|---|---|
| Joseph Moses McMenanin | $0.00 | $5,414.32 | $5,414.32 |
| LVNV Funding LLC | $0.00 | $0.00 | $0.00 |

**Judgment Finding** (*Post Judgment)

In the matter of LVNV Funding LLC vs. Joseph Moses McMenanin on MJ-32251-CV-0000030-2021, on 4/05/2021 the judgment was awarded as follows:

| Judgment Component | Joint/Several Liability | Individual Liability | Deposit Applied | Amount |
|---|---|---|---|---|
| Filing Fees | 0.00 | $180.25 | | $180.25 |
| Civil Judgment | 0.00 | $5,234.07 | | $5,234.07 |
| | | | Grand Total: | $5,414.32 |

**Comments:**

ANY PARTY HAS THE RIGHT TO APPEAL WITHIN 30 DAYS AFTER THE ENTRY OF JUDGMENT BY FILING A NOTICE OF APPEAL WITH THE PROTHONOTARY/CLERK OF COURT OF COMMON PLEAS, CIVIL DIVISION. YOU MUST INCLUDE A COPY OF THIS NOTICE OF JUDGMENT/TRANSCRIPT FORM WITH YOUR NOTICE OF APPEAL.

EXCEPT AS OTHERWISE PROVIDED IN THE RULES OF CIVIL PROCEDURE FOR MAGISTERIAL DISTRICT JUDGES, IF THE JUDGMENT HOLDER ELECTS TO ENTER THE JUDGMENT IN THE COURT OF COMMON PLEAS OR THE PHILADELPHIA MUNICIPAL COURT, ALL FURTHER PROCESS MUST COME FROM THE COURT OF COMMON PLEAS OR THE PHILADELPHIA MUNICIPAL COURT AND NO FURTHER PROCESS MAY BE ISSUED BY THE MAGISTERIAL DISTRICT JUDGE.

UNLESS THE JUDGMENT IS ENTERED IN THE COURT OF COMMON PLEAS OR THE PHILADELPHIA MUNICIPAL COURT, ANYONE INTERESTED IN THE JUDGMENT MAY FILE A REQUEST FOR ENTRY OF SATISFACTION WITH THE MAGISTERIAL DISTRICT JUDGE IF THE JUDGMENT DEBTOR PAYS IN FULL, SETTLES, OR OTHERWISE COMPLIES WITH THE JUDGMENT.

4-5-21 — Christopher R. Mattox

Date — Magisterial District Judge Christopher R. Mattox

I certify that this is a true and correct copy of the record of the proceedings containing the judgment.

Date — Magisterial District Judge

FREE INTERPRETER
www.pacourts.us/language-rights
610-565-6990

PFXVT800Y00028000280203Q0000

LVNV Funding LLC
v.
Joseph Moses McMenanin

Docket No.: MJ-32251-CV-0000030-2021

# Participant List

**Private(s)**

John Edwin Daniel Larkin, Esq.
Gawthrop Greenwood Pc
17 E Gay St Ste 100
West Chester, PA 19380-3144

**Plaintiff(s)**

LVNV Funding LLC
c/o Patenaude & Felix, A.P.C.
501 Corporate Dr, Southpointe Ctr.
Suite 205
Canonsburg, PA 15317

**Defendant(s)**

Joseph Moses McMenanin
3811 Brunswick Ave
Drexel Hill, PA 19026

**Complainant's Attorney(s)**

Gregg Lawrence Morris, Esq.
Patenaude & Felix, A.P.C.
Southpointe Center - Suite 205
501 Corporate Drive
Canonsburg, PA 15317

Ernest Sharif, Esq.
Patenaude & Felix A.P.C.
Southpointe Center, Suite 205
501 Corporate Drive
Canonsburg, PA 15317

FREE INTERPRETER
www.pacourts.us/language-rights
610-565-6990





Personal Credit Report for:
**JOSEPH MCMENAMIN**

File Number:
**346418483**

Date Created:
**05/09/2022**

**To start a dispute online, click here.**

## Personal Information

You have been on our files since 10/17/2006. Your SSN has been masked for your protection.

**Credit Report Date**

05/09/2022

**Social Security Number**

XXX-XX-1411

**Date of Birth**

█████/1987

**Name**

JOSEPH MOSES MCMENAMIN



**LVNV FUNDING LLC**
636992104469****

Address
C/O RESURGENT CAPITAL SERVICES,PO BOX 1269 GREENVILLE, SC 29603

Phone
(866) 464-1183

Date Opened
02/28/2019

Responsibility
Individual Account

Account Type
Open Account

Loan Type
FACTORING COMPANY ACCOUNT

Balance
$5,281

Date Updated
04/05/2022

High Balance
$5,234

Original Creditor
WEBBANK FINGERHUT

Past Due
$5,281

Pay Status
>Collection<

Estimated month and year this item will be removed
07/2025

Remarks
Account information disputed by consumer (FCRA); >PLACED FOR COLLECTION<

## Satisfactory Accounts

The following accounts are reported with no adverse information. For your protection, your account numbers have been partially masked, and in some cases scrambled. Please note: Accounts are reported as "Current; Paid or paying

FILED
05-10-2022 11:11 AM
OFFICE OF JUDICIAL SUPPORT
DELAWARE COUNTY, PA

First Class Mail

First Class Mail

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

FIRST • CLASS

FIRST • CLASS

FIRST • CLASS

FIRST • CLASS

RECEIVED
MAY 16 2022
AS IS

Survivor
Quality Park Products

DuPont™ Tyvek®

Tyvek® is a trademark of DuPont used under license by LSC Communications US LLC d/b/a TOPS Products

2
HDPE



FIRST • CLASS

# First Class Mail

Gawthrop Greenwood
*Attorneys at Law*

17 East Gay Street, Suite 100 • P.O. Box 562 • West Chester, PA 19381-0562

To:

Resurgent Capital Services, LP
55 Beattie Place, Suite 110
MS 576
Greenville, SC 29601





Patch Code T



# LORAIN COUNTY COURT OF COMMON PLEAS

LORAIN COUNTY JUSTICE CENTER
225 COURT STREET
ELYRIA, OHIO 44035

LORAIN COUNTY TREASURER
C/O DANIEL J TALAREK
226 MIDDLE AVE, 2ND FLOOR
ELYRIA, OH 44035

CASE NO. 22TX007904

VS.

TO: LVNV FUNDING LLC
55 BEATTIE PLACE SUITE 110
GREENVILLE, SC 29601

## SUMMONS ON COMPLAINT

You have been named defendant in a complaint filed in Lorain County Court of Common Pleas by plaintiff(s):

LORAIN COUNTY TREASURER
C/O DANIEL J TALAREK
226 MIDDLE AVE, 2ND FLOOR
ELYRIA, OH 44035

A copy of the complaint is attached hereto. The name and address of the plaintiff's attorney is:

KATHERINE L KEEFER
ASST. PROSECUTING ATTORNEY
225 COURT ST 3RD FL
ELYRIA, OH 44035

You are hereby summoned and required to serve a copy of your answer to the complaint upon the plaintiff's attorney, or upon the plaintiff, if he has no attorney of record, within **TWENTY-EIGHT (28) DAYS** after service of this summons on you, exclusive of the day you receive it. Your answer must **ALSO** be filed with this Court within three (3) days after you serve, (delivered or by mail), a copy of your answer on the plaintiff's attorney.

If you fail to appear and defend, judgment by default will be rendered against you for the relief demanded in the complaint.

***TOM ORLANDO***
**CLERK OF COURTS OF COMMON PLEAS**
**LORAIN COUNTY, OHIO**

**5/9/2022**

**BY:** ____________________
**Deputy Clerk**

*22TX007904*

FILED
LORAIN COUNTY
2022 MAY -6 P 1:04
COURT OF COMMON PLEAS
TOM ORLANDO

IN THE COURT OF COMMON PLEAS
LORAIN COUNTY, OHIO

| | | |
|---|---|---|
| DANIEL J. TALAREK, LORAIN COUNTY TREASURER 226 Middle Avenue, 2nd Floor Elyria, Ohio 44035, | ) | CASE NO. 22TX007904 |
| | ) | JUDGE JUDGE CHRISTOPHER ROTHGERY |
| Plaintiff | ) | COMPLAINT FOR COLLECTION OF DELINQUENT TAXES, ASSESSMENTS, FORECLOSURE AND EQUITABLE RELIEF |
| VS. | ) | |
| Unknown Heirs, Devisees, and Legatees of Michelle L. Viskup aka Michelle Viskup aka Michelle Lee Huffman aka Michelle Lee Viskup | ) | P. P. NO: 06-25-027-104-022 |
| And | ) | |
| Unknown Tenants 920 Wilder Ave. Elyria, OH 44035 | ) | |
| And | ) | |
| Capital One Bank (USA) NA c/o LYONS DOUGHTY & VELDHUIS PC 471 East Broad St., 12th Floor Columbus, OH 43215 | ) | |
| And | ) | |
| LVNV Funding LLC 55 Beattie Place Suite 110 Greenville, SC 29601 | ) | |

And )
)
**William Huffman, Jr.** )
**43700 Webster Rd.** )
**Wellington, OH 44090** )
)
And )
)
**Unknown Spouse of William** )
**Huffman, Jr.** )
**43700 Webster Rd.** )
**Wellington, OH 44090** )
)
**Defendants** )
)

1. Plaintiff is the duly elected, sworn and serving Treasurer of Lorain County, Ohio;

2. Plaintiff further states that **Michelle L. Viskup aka Michelle Viskup aka Michelle Lee Huffman aka Michelle Lee Viskup** is the owner of the real estate described herein;

3. This action is brought pursuant to R.C. §323.25 and/or §5721.18 and / or 323.78 of the Ohio Revised Code.

4. The Lorain County Auditor, pursuant to the provisions of Section 5721.13 of the Ohio Revised Code, has filed with the Prosecuting Attorney of Lorain County a delinquent real estate tax certificate or an authorized alternative, regarding the premises described herein;

5. That the amount of taxes, assessments, charges, penalties and interest (hereinafter referred to as "Impositions") which remain due and unpaid on the property at the time of this filing are **$15,402.91** and are a first and best lien against said property which is more fully described in the attached Preliminary Judicial Report (**Exhibit A**).

6. In accordance with the provisions of Section 5721.10 of the Ohio Revised Code, the State of Ohio has a first and best lien for the amount set forth in the Complaint;

7. Plaintiff further says that Defendants, John or Jane Doe, name unknown, **Unknown Heirs,**

**Devisees, and Legatees of Michelle L. Viskup aka Michelle Viskup aka Michelle Lee Huffman aka Michelle Lee Viskup, and Unknown Spouse of William Huffman, Jr.**, if any, whose name cannot be discovered with reasonable diligence, has or may claim to have an interest in the property. Defendant, **Unknown Tenants**, whose name cannot be discovered with reasonable diligence, has or may claim to have an interest in the property.

8. Plaintiff further says that **Defendant, Capital One Bank (USA) NA, LVNV Funding LLC, and William Huffman, Jr.,** have or may claim to have some interest in or lien upon said Property, but Plaintiff not being fully advised as to the extent, if any, of such liens or claims, says that the same, if any, are inferior and subsequent to the lien of the Plaintiff, and prays that said Defendants be required to set up their liens or claims or be forever barred from asserting same against the within described property.

9. The property is delinquent land or delinquent vacant land as that term is defined in R.C. §5721.01, or may be abandoned lands as that term is defined in R.C. §323.65, or may be nonproductive land as that term is defined in R.C. §5722.01.

10. Upon the property being found to be abandoned, Plaintiff may elect to invoke the alternative redemption period set forth in R.C. §323.78, and notice is hereby given that if a municipal corporation, township, county, school district, community development organization, or county land reutilization corporation has requested title to the parcel, then upon adjudication of foreclosure of the property, the court shall order, that the equity of redemption and any statutory or common law right of redemption in the property by its owner shall be forever terminated after the expiration of the alternative redemption period and that the property shall be transferred by deed directly to the requesting municipal corporation, township, county, school district, community development corporation, or county land reutilization corporation without appraisal and without a

sale, free and clear of all impositions and any other liens on the property, which shall be deemed forever satisfied and discharged.

11. The real estate which is the subject of this action, is described as follows:

**DESCRIPTION**

**See legal description attached hereto and incorporated herewith as Exhibit "A"**

Permanent Parcel No. 06-25-027-104-022

Commonly known as: 920 Wilder Ave., Elyria, OH 44035

Prior Deed References: Instrument No. 20030920986 of Lorain County Records.

WHEREFORE, Plaintiff prays that the Court find that the Lorain County Treasurer has a first and best lien on the real estate described herein for the sum of **$15,402.91**, or the amount then due at the time of Judgment or sale, and that unless the said sum and the court costs are paid within a reasonable time as determined by the Court, the lien of Plaintiff shall be foreclosed and the real estate sold by the Sheriff of Lorain County in the manner provided by Ohio law, and Plaintiff paid the amount of his lien.

Respectfully Submitted,

J.D. TOMLINSON
Lorain County Prosecuting Attorney

KATHERINE L. KEEFER – SC# 0088096
CHRISTOPHER A. PYANOWSKI – SC# 0084985
Assistant Prosecuting Attorney
Attorney for Lorain County Treasurer
225 Court Street - Third Floor
Elyria, Ohio 44035
Phone: 440-329-5656
Fax: 440-329-5430
Katherine.Keefer@LCProsecutor.org



# Preliminary Judicial Report

## PJR-80791850

Order Number: 22-NLT-2150

Guaranteed Party Name: Lorain County Prosecutor

Pursuant to your request for a Preliminary Judicial Report (hereinafter "the Report") for use in judicial proceedings, OLD REPUBLIC NATIONAL TITLE INSURANCE COMPANY (hereinafter "the Company") hereby guarantees in an amount not to exceed **$15,402.91** that it has examined the public records in Lorain County, Ohio as to the land described in Schedules A, that the record title to the land is at the date hereof vested in:

**Michelle L. Viskup**

by Instrument No. 20030920986 and is free from all encumbrances, liens or defects of record, except as shown in Schedule B.

This is a guarantee of the record title only and is made for the use and benefit of the Guaranteed Party and the purchaser judicial sale thereunder and is subject to Exclusions from Coverage, the Exceptions contained in Schedule B and the Conditions and Stipulations contained herein.

This Report shall not be valid or binding until it has been signed by either an authorized agent or representative of the Company and Schedules A and B have attached hereto.

Effective Date: April 6, 2022

Issued By:

**OLD REPUBLIC NATIONAL TITLE INSURANCE COMPANY**
*A Stock Company*
*400 Second Avenue South, Minneapolis, Minnesota 55401*
*(612) 371-1111*

*Signed By Authorized Signatory or Agent*
*PLEASE PRINT NAME BELOW*

Judith A. Glenn
Network Land Title Agency, LLC
105 Cleveland Street
Suite 200
Elyria, OH 44035

*By* _____ *President*

*Attest* _____ *Secretary*

# CONDITIONS AND STIPULATIONS OF THIS PRELIMINARY JUDICIAL REPORT

1. Definition of Terms

"Guaranteed Party": The party or parties named herein or the purchaser at judicial sale.

"Guaranteed Claimant": Guaranteed Party claiming loss or damage hereunder.

"Land": The land described specifically or by reference in Schedule A, and improvements affixed thereto, which by law constitute real property; provided however the term "land" does not include any property beyond the lines of the area specifically described or referred to in Schedule A, nor any right, title, interest, estate, or easement in abutting streets, roads, avenues, lanes, ways or waterways.

"Public Records": Those records under state statute and, if a United States District Court resides in the county in which the Land is situated, the records of the clerk of the United States District Court, which impart constructive notice of matters relating to real property to purchasers for value without knowledge and which are required to be maintained in certain public offices in the county in which the land is situated.

2. Determination of Liability

This report together with any Final Judicial Report or any Supplement or Endorsement thereof, issued by the Company is the entire contract between the Guaranteed Party and the Company.

Any claim of monetary loss or damage, whether or not based on negligence, and which arises out of the status of the title to the estate or interest guaranteed hereby or any action asserting such claim, shall be restricted to this Report.

3. Liability of Company

This Report is a guarantee of the record title of the Land only, as disclosed by an examination of the Public Records herein defined.

4. Notice of Claim to be given by Guaranteed Party

In case knowledge shall come to the Guaranteed Party of any lien, encumbrance, defect, or other claim of title guaranteed against and not excepted in this Report, whether in a legal proceeding or otherwise, the Guaranteed Party shall notify the Company within a reasonable time in writing and secure to the Company the right to oppose such proceeding or claim, or to remove said lien, encumbrance or defect at its own cost. Any action for the payment of any loss under this Report must be commenced within one year after the Guaranteed Party receives actual notice that they may be required to pay money or other compensation for a matter covered by this Report or actual notice someone claims an interest in the Land covered by this Report.

5. Extent of Liability

The liability of the Company shall in no case exceed in all the amount stated herein and shall in all cases be limited to the actual loss, including but not limited to attorneys fees and costs of defense, only of the Guaranteed Claimant. Any and all payments under this Report shall reduce the amount of this Report pro tanto and the Company's liability shall terminate when the total amount of the Report has been paid.

6. Options to Pay or Otherwise Settle Claims; Termination of Liability

The Company in its sole discretion shall have the following options:

a. To pay or tender to the Guaranteed Claimant the amount of the Report or the balance remaining thereof, less any attorneys fees, costs or expenses paid by the Company to the date of tender. If this option is exercised, all liability of the Company under this Report terminates including but not limited to any liability for attorneys fees, or any costs of defense or prosecution of any litigation.

b. To pay or otherwise settle with other parties for or in the name of the Guaranteed Claimant any claims guaranteed by this Report.

c. To continue, re-open or initiate any judicial proceeding in order to adjudicate any claim covered by this Report. The Company shall have the right to select counsel of its choice (subject to the right of the Guaranteed Claimant to object for reasonable cause) to represent the Guaranteed Claimant and will not pay the fees of any other counsel.

d. To pay or tender to the Guaranteed Claimant the difference between the value of the estate or interest as guaranteed and the value of the estate or interest subject to the defect, lien or encumbrance guaranteed against by this Report.

7. Notices

All notices required to be given to the Company shall be given promptly and any statements in writing required to be furnished to the Company shall be addressed to Old Republic Title Insurance Company at 400 Second Avenue South, Minneapolis, Minnesota 55401.

## EXCLUSIONS FROM COVERAGE

1. The Company assumes no liability under this Report for any loss, cost or damage resulting from any physical condition of the Land.

2. The Company assumes no liability under this Report for any loss, cost or damage resulting from any typographical, clerical or other errors in the Public Records.

3. The Company assumes no liability under the Report for matters affecting title subsequent to the date of this Report or the Final Judicial report or any supplement thereto.

4. The Company assumes no liability under this Report for the proper form or execution of any pleadings or other documents to be filed in any judicial proceedings.

5. The Company assumes no liability under this Report for any loss, cost, or damage resulting from the failure to complete service on any parties shown in Schedule B of the Preliminary Judicial Report and the Final Judicial Report or any Supplemental Report issued thereto reduce the amount of this Report pro tanto and the Company's liability shall terminate when the total amount of the Report has been paid.

## SCHEDULE A

DESCRIPTION OF LAND

Situated in the City of Elyria, County of Lorain and State of Ohio, and known as being Sublot No. 174 in Abbe Knolls Subdivision No. 4 of part of Original Elyria Township Lot No. 27 East of the Black River as shown by the recorded plat in Volume 23 of Maps, Page 43 of Lorain County Records, be the same more or less, but subject to all legal highways.
Permanent Parcel No. 06-25-027-104-022

Commonly known as 920 Wilder Avenue, Elyria, Ohio 44035

BC
5/2/2022



# Preliminary Judicial Report

Issued By OLD REPUBLIC NATIONAL TITLE INSURANCE COMPANY

File Number: 22-NLT-2150 PJR Number: PJR-80791850

**SCHEDULE B**

The matters shown below are exceptions to this Preliminary Judicial Report and the Company assumes no liability arising therefrom.

1. The Lorain County Treasurer's Tax Duplicate listing premises known as Permanent Parcel No. (33) 06-25-027-104-022 shows taxes and special assessments for the first half 2021, in the amount of $897.71 plus penalty in the amount of $89.77 and prior delinquencies in the amount of $13,517.73 are UNPAID.

   Taxes and special assessments for the last half 2021, in the amount of $897.70 are a lien and payable, but not yet due.

   NOTE: The above taxes include special assessments for Delq Storm Water in the amount of $12.17 first half and $12.16 last half.

   Land: $9,380.00
   Building: $23,160.00
   Total: $32,540.00

   Taxes and special assessments, if any, for the year 2022 are a lien, but are not determined, and are not due as of the date of this commitment.

   Special taxes and assessments of any kind, if any, and tax additions, if any, which may hereafter be made by legally constituted authorities.

2. Certificate of Judgment in favor of Capital One Bank (USA) NA, against Michelle L. Viskup, in Lorain County Court of Common Pleas, in the amount of $1,249.45, plus costs and interest, filed for record on May 22, 2018, in Judgment No. 18CJ105986. See copy attached.

3. Certificate of Judgment in favor of LVNV Funding LLC, against Michelle Viskup, in Lorain County Court of Common Pleas, in the amount of $884.57, plus costs and interest, filed for record on February 11, 2021, in Judgment No. 21CJ140819. See copy attached.

4. Subject to easements, restrictions, reservations, covenants, conditions, leases, land contracts and any and all liens, encumbrances and adverse interests attaching prior to the date of the recording of the deed vesting title in the current owner.

Thank you for using Return Receipt Service

FOLD AND TEAR THIS WAY

**RETURN RECEIPT REQUESTED**
**USPS® MAIL CARRIER**
**DETACH ALONG PERFORATION**

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

Thank you for using Return Receipt Se...

CERTIFIED MAIL

TOM ORLANDO
Lorain County Clerk of Cour
225 Court Street - First Floo
Elyria, OH 44035-5512

9414 7266 9904 2189 8031 87

US POSTAGE PITNEY BOWES
ZIP 44035 $ 007.53⁰
02 4W
0000383441 MAY 09 2022

22TX007904
LVNV FUNDING LLC
55 BEATTIE PLACE SUITE 110

GREENVILLE SC 29601

2960185115 C006